## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## (Alexandria Division)

| | |
|---|---|
| JOSHUA MICHAEL LYNCH, | * |
| Plaintiff, | * |
| v. | * |
| FCA US LLC | * |
| Defendant. | * |
| Please Serve: <br> CT Corporation System, Registered Agent <br> 4701 Cox Road Ste. 285 <br> Glen Allen, VA  23060-6808 | * |

## COMPLAINT

Now into Court, through undersigned counsel, comes Plaintiff Joshua Michael Lynch and moves the Court for judgment against Defendant FCA US LLC based on the following facts and law:

## JURISDICTION

1. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S.C. §1332. Plaintiff Joshua Michael Lynch is a resident of Reston, Virginia. Defendant FCA US LLC is a corporation organized under the laws of Michigan with a principal place of business located at 1000 Chrysler Drive in Auburn Hills, Michigan. The amount in controversy exceeds the sum of $75,000.

2. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331. The Plaintiff asserts a claim pursuant to the Magnuson-

Moss Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claims occurred. Venue in the Alexandria Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On February 09, 2022, Plaintiff Lynch purchased a 2022 Dodge Ram 1500 Laramie 4-wheel drive, crew cab with 54 miles on the odometer. The total delivered price was $94,708.94.

5. The 2022 Ram truck that is the subject of this Complaint was manufactured by Defendant FCA US LLC. The vehicle came with a three year/100,000-mile Manufacturer's Warranty which covered the new vehicle against defects in materials and workmanship.

6. The Plaintiff's vehicle was taken to Koons of Tysons, Inc., an authorized warranty repair agent of Defendant FCA US LLC, on February 10, 2022, May 1, 2022, November 04, 2022, and November 18, 2022. The warranty defects included transmission defects, electronic infotainment defects, and engine defects. The subject vehicle was out of service due to repair for a cumulative total in excess of sixty-five days.

## COUNT ONE

### MOTOR VEHICLE WARRANTY ENFORCEMENT ACT
### VIRGINIA CODE §59.1-207.9 ET SEQ. "*LEMON LAW*"

7. The allegations of paragraphs 1-5 are re-pled and incorporated herein by reference.

8. The Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act. (Hereinafter referred to as the "*Virginia Lemon Law*") Virginia Code §59.1-207.11 et seq.

9. Defendant FCA US LLC is a manufacturer as defined by Virginia Code §59.1-207.11 et seq, and has received due notice under the same statute.

10. The Virginia Lemon Law requires a manufacturer to *"make such repairs as are necessary to conform the vehicle to such warranty"* that are provided to the consumer. Defendant FCA US LLC has been unable to repair the Plaintiff's vehicle after a reasonable number of repair attempts. Specifically, Virginia Code §59.1-207.13(B)(3) *provides that "It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer...The motor vehicle is out of service due to repair for a cumulative total of thirty calendar days."* It is therefore presumed that the Plaintiff's vehicle has been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value and safety.

11. Plaintiff seeks to recover as damages the purchase price of his vehicle in the amount of $94,708 as well as all finance charges, all incidental costs, compensation in the amount of $10,000 for inconvenience and loss of use, or a comparable replacement vehicle acceptable to the Plaintiff, reasonable attorney fees in the amount of $550.00

per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, and court costs. See, Virginia Code §59.1-207.14.

## COUNT TWO
## VIOLATION OF THE MAGNUSSON-MOSS ACT (15 U.S.C. §3201)

12. Paragraphs 1-5 are incorporated herein by reference.

13. Plaintiff Lynch is a consumer as defined in 15 U.S. Code § 2301(3). The Defendant is a supplier and warrantor as defined in 15 U.S. Code § 2301(1).

14. The Vehicle was manufactured after July 4, 1975 and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition written warranty and implied warranty as contained in 15 U.S. Code §2301 – (7) respectively.

15. The Limited Warranty has failed its essential purpose and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code §2304(a)(1) and (4).

16. The Defendant has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists, and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 28 U.S. Code § 2308, 2310(d).

WHEREFORE, Plaintiff Joshua Michael Lynch moves this Honorable Court to enter judgment in his favor against Defendant FCA US LLC, Inc. in the amount of the purchase price of his vehicle $94,4708.00 as well as all incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, interest payments, or a comparable replacement vehicle acceptable to the Plaintiff, reasonable attorney fees in the amount of $550.00 per hour, or one-third of the amount recovered, whichever of the

two is greater, expert witness fees, pre-Judgment interest running from the date of the first repair attempt, post-judgment interest, court costs, and all other damages, equity and/or law may seem meet.

TRIAL BY JURY IS DEMANDED.

Respectfully Submitted:

Joshua Michael Lynch

/s/ James B. Feinman

James B. Feinman, Esq. (VSB No. 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA  24505
(434) 846-7603 (phone)
(434) 846-0158 (fax)
jb@jfeinman.com